{¶ 136} I dissent from the majority's decision because the prosecutor's comments during closing arguments were a serious violation of Eason's right to remain silent. Just because Eason's counsel first raised the fact that Eason chose to invoke his right to remain silent does not mean that the prosecutor can then use that fact to infer guilt. In this case, the prosecutor inferred that Eason was guilty because he invoked his right to remain silent. Since the evidence in this case does not overwhelmingly support Eason's conviction, his conviction should be reversed and this case should be remanded for a new trial.
 {¶ 137} As the majority states, Eason's claim that the prosecution violated his right to remain silent is based on Doyle v. Ohio (1976),426 U.S. 610, which held that the State cannot use a defendant's post-Miranda silence as a means of impeaching the defendant's testimony at trial. Courts look upon any comment by a prosecutor on the post-arrest silence of a defendant with extreme disfavor because they raise an inference of guilt from the defendant's decision to remain silent. Statev. Thompson (1987), 33 Ohio St.3d 1, 4. "Silence in itself is itself damning and will bode ill when presented to a jury." Miranda v. Arizona
(1966), 384 U.S. 436, 468. "In effect, such comments penalize a defendant for choosing to exercise a constitutional right." Thompson at 4. Accordingly, in cases where there had been Doyle violations, courts have held with near unanimity that those violations infringe upon the defendant's right to due process and are prejudicial, requiring a reversal. State v. Rogers (1987), 32 Ohio St.3d 70, 73.
 {¶ 138} One appellate court explained the damning effect of a defendant's silence when that fact is presented to a jury as follows:
 {¶ 139} "References to prior silence in the presence of the jury inevitably precipitate the impermissible inference that a failure to deny an accusation of guilt, or assert its contrary, is an admission of the accusation's truth. Needless to say, the inference is an extremely tenuous one since there are frequently competing, equally plausible explanations for a defendant's silence at the time of his arrest." (Citations omitted) State v. Sabbah (1982), 13 Ohio App.3d 124, 133.
 {¶ 140} Comments about the defendant's silence which are likely to work to his material prejudice "cannot be ignored" and "will not be tolerated." Thompson at 4; State v. Leach, 150 Ohio App.3d 567,2002-Ohio-6654, ¶ 27. For example, in Doyle the United States Supreme Court held that using the accused's post-Miranda silence or request for an attorney to discredit an exculpatory story first related at trial violates the Due Process Clause of the Fourteenth Amendment. See alsoWainwright v. Greenfield (1986), 474 U.S. 284 (reaffirming Doyle's statement that "silence will carry no penalty" by prohibiting a prosecutor from using post-arrest silence as substantive evidence of guilt in his case-in-chief). Likewise, a prosecutor's questions and comments are particularly disturbing when they are offered solely to imply that the defendant is guilty because he did not assert his innocence or make statements to the police. State v. Geboy (2001), 145 Ohio App.3d 706,714-715. An appellate court can find reversible error when this evidence is admitted even if the trial court explicitly directs the jury to disregard the statement. State v. Rowe (1993), 92 Ohio App.3d 652, 670. This is because Ohio courts interpret Doyle's prohibition broadly. Statev. Maggard (June 4, 1999), 2nd Dist. No. 17198, citing State v. Combs
(1991), 62 Ohio St.3d 278; see, also, State v. Rogers (1987),32 Ohio St.3d 70.
 {¶ 141} The Second District explained the reasons why courts look so unfavorably on this type of evidence.
 {¶ 142} "[T]he presumption of innocence and the prohibition against self-incrimination are well-established safeguards in our criminal justice system. In contrast to these safeguards, if substantive evidence of silence is introduced before the defendant testifies, the defendant is forced into an untenable position. He must either abandon his right to the presumption of innocence and allow the implication of guilt to stand, or give up his right not to testify. On the other hand, if the defendant chooses freely and without coercion to speak on his own behalf, fairness dictates that his credibility can be challenged by prior inconsistent behavior. Even then, however, Doyle prohibits impeachment by post-arrest silence if the defendant has received Miranda warnings." Id. at 14.
 {¶ 143} As the majority points out, there are exceptions to the general rule that a defendant's post-arrest silence is a forbidden subject for the prosecution. For instance, if a defendant first raises the issue of his silence as evidence of his innocence or his testimony stands in direct contradiction to silence, then the prosecutor may elicit evidence regarding and comment upon the defendant's silence. Leach at ¶ 21, citing Strauss, Silence (2001), 35 Loy.L.A.L.Rev. 101, 111 and the cases cited therein; State v. Lamb, 12th Dist. Nos. CA2002-07-171, CA2002-08-192, ¶ 24; State v. Covender (Dec. 24, 1997), 9th Dist. No. 96CA006457. In this case, this is precisely what the defendant did. It was defense counsel which elicited the statements about Eason's refusal to speak from Trooper Campbell and Eason testified about his silence numerous times during his direct examination. Clearly, he was trying to use an allegedly incomplete investigation of the crime as evidence of his innocence and the prison's failure to get his side of the story as evidence of this allegedly incomplete investigation. Accordingly, the prosecutor was entitled to attack this theory by cross-examining Eason concerning the reasons why the prison never heard his version of events.
 {¶ 144} But merely because Eason opened himself to cross-examination on the issue of his silence does not mean that the prosecutor was allowed to use his silence as substantive evidence of guilt. As the dissenting opinion in Doyle recognized, there is a difference between using a defendant's silence for the purposes of impeachment and as substantive evidence of guilt. "Comment on the lack of credibility of the defendant is plainly proper; it is not proper, however, for the prosecutor to ask the jury to draw a direct inference of guilt from silence — to argue, in effect, that silence is inconsistent with innocence." (Footnotes omitted) Doyle at 634-635 (J. Stevens, dissenting). Ohio courts have made the same distinction and stressed that one of the factors in determining the harm in the prosecutor's conduct is whether an inference of guilt from the silence was stressed to the jury. See State v. Thomas, 1st Dist. No. C-010724, 2002-Ohio-7333, ¶ 13; State v. Ervin, 8th Dist. No. 80473, 2002-Ohio-4093, ¶ 65; State v. Roy (Sept. 28, 1998), 12th Dist. No. CA97-11-216; State v. Carter (Feb. 13, 1985), 1st Dist. No. C-830908. For instance, a single reference to a defendant's silence is generally not prejudicial. See Ervin at ¶ 65. But it is prejudicial when the prosecutor repeatedly refers to that silence or uses the defendant's silence as substantive evidence of his guilt. Id.
 {¶ 145} When examining the prosecutor's comments during closing arguments, I cannot conclude that he was merely summarizing Eason's testimony regarding his decision to stay silent. The prosecutor noted that Eason "was given the opportunity to give his version of what happened when the investigation started", that he did not, and that now he wanted the jury "to buy off on the theory that someone else swung this iron." These comments are not describing how Eason's prior statements were inconsistent with what he testified to. They are not impeaching his claims that his initial "refusal" to speak to Trooper Campbell was a misunderstanding. Instead, these comments are being used as evidence of Eason's guilt by using his prior silence to discredit the exculpatory story Eason first related at trial. This is precisely what is prohibited by Doyle. Merely because Eason waived his ability to object to the use of his silence by the prosecution to impeach his credibility, does not mean he waived his ability to object to this extremely prejudicial use of his silence, namely that his silence equals guilt. Even though he raised the issue, this is an "impermissible inference" for the prosecutor to make.Sabbah at 133.
 {¶ 146} In this case, Eason failed to object to the comments. Accordingly, we must review those comments for plain error. Leach at ¶ 41; Geboy at 715; Crim.R. 52(B). A review of Ohio cases dealing with this issue demonstrates that courts will find plain error and reverse a conviction if there is a Doyle violation unless the evidence overwhelmingly supports the conviction. For instance, in Thompson the Ohio Supreme Court affirmed a conviction even though it found there was aDoyle violation since "Appellant's admissions and the other evidence produced leaves no doubt that appellant was the perpetrator of the crime." (Emphasis sic.) Id. at 4; see also United States v. El-Amin (C.A. 6, Jan. 6, 2000), App. No. 98-1589 (where evidence is overwhelming, there is no prejudice under plain error analysis); State v. Lovins (May 8, 1995), 12th Dist. No. CA94-10-192. But if there is any doubt about whether the defendant committed the crime, then courts reverse the conviction. SeeLeach (Doyle violation combined with other evidentiary errors rises to level of plain error); Geboy (Conviction must be reversed for a Doyle
violation even if evidence is merely sufficient, but not overwhelming);Sabbah (Court must reverse conviction for Doyle violation since court could not say that but for the violation that the defendant would be found guilty); Maggard (Reverses conviction due to Doyle violation since evidence is sufficient, but not overwhelming).
 {¶ 147} In this case, the evidence does not overwhelmingly support Eason's conviction. No witness testified that they saw Eason hit Neuch with the iron. Additionally, each of the eye-witnesses is a prison inmate and there are reasons in the record to doubt the testimony of each of those witnesses, including that of the victim. For instance, there are charges that some witnesses are testifying against Eason so they won't have to pay a gambling debt back to him. Because the evidence does not appear to be overwhelming, the trial court committed plain error when it allowed the prosecution to commit a Doyle violation during closing arguments. Eason's first assignment of error is meritorious. Eason's conviction should be reversed and this case should be remanded for a new trial.